UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

KIMBERLY DUDLEY,

Plaintiff,

v.

Civil No. 4:17-cv-10

FOCUSED RECOVERY SOLUTIONS, INC.,

Defendant.

## MEMORANDUM OPINION AND ORDER

This case arises from Plaintiff Kimberly Dudley's unpaid medical bill of $143.80 and the attempts to collect that debt undertaken by Defendant Focused Recovery Solutions, Inc. ("Focused Recovery"). Plaintiff filed suit in state court, alleging that Focused Recovery's collection efforts violated the Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 *et seq.* After removing the suit to federal court, Focused Recovery moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. Because Plaintiff alleges no falsehood, misrepresentation, unfairness, or unconscionable means within the ambit of the Act, Plaintiff fails to state a viable claim for relief. Accordingly, Focused Recovery's Motion to Dismiss (ECF No. 5) is granted.

I.  **BACKGROUND**

When ruling on a motion to dismiss for failure to state a claim, courts accept a complaint's well-pled factual allegations as true, and draw any reasonable inferences in favor of the plaintiff. *See Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012). Accordingly, the Court recites the facts as alleged by Plaintiff. *See* Compl. (ECF No. 1-1).

1

On May 20, 2015, Plaintiff received medical services from the Surgery Center of Chesapeake, incurring $7,554.56 in charges. *See* Itemization[1] (ECF Nos. 6-5, 1-1 Exh. E); *see also* Compl. ¶ 19. She was discharged that same day. *See* Itemization; *see also* Compl. ¶ 19. Prior to treatment, Plaintiff signed a document titled "Consent for Treatment, Release of Information and Financial Responsibility" ("the Agreement"). *See* Agreement (ECF Nos. 6-1, 1-1 Exh. A); *see also* Compl. ¶¶ 19-21. The Agreement provided, *inter alia*, that "[a]ny unpaid balance, whether covered by insurance or other benefit, will be subject to a finance charge of 1 [percent] per month, commencing sixty . . . days after the discharge date. This is an annual percentage rate of 12 [percent]." Agreement at 1 (capitalization omitted). Plaintiff further "agree[d] to pay all costs of collection including an attorney's fee o[r] collection fee of [30] percent of the unpaid bill at the time of placement with such attorney or collection agency." *Id.* (capitalization omitted).

Plaintiff's health insurer paid for $7,392.36 of the services' cost, in two payments made on June 16, 2015. *See* Itemization. This apparently underpaid the insurer's share of the bill by $18.40. *See id.* Plaintiff's portion of the surgery's expense, $143.80, also remained outstanding throughout the summer of 2015. *See id.* These debts totaled $162.20. *See id.*

Seeking to collect this outstanding sum, the Surgery Center engaged the debt-collection services of Focused Recovery. *See* Compl. ¶¶ 15, 18. Focused Recovery sent Plaintiff a letter

---

[1] The Court relies on an unredacted version of the Itemization, which Focused Recovery provided with its Motion to Dismiss. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) (holding that courts can consider documents attached to a defendant's motion to dismiss when "integral to and explicitly relied on in the complaint, and when the plaintiffs do not challenge [the document's] authenticity.") (internal quotation marks omitted). Plaintiff also provided a copy of the Itemization, attached as Exhibit E to her Complaint. However, Plaintiff's version is heavily redacted, rendering it useless.

Moreover, Plaintiff's redactions, paired with her description of the redacted information, render Exhibit E misleading. Plaintiff explains that she redacted "personal, and otherwise irrelevant medical information . . . from Exhibit E to protect [her] privacy." Compl. ¶ 32 n.2. However, with two exceptions, Plaintiff redacted all payments and charges to her account—their descriptions, their amounts, and their dates. *Compare* Itemization (ECF No. 6-5), *with* Redacted Itemization (ECF No. 1-1, Exh. E).

dated October 8, 2015 (the "Dunning Letter"), informing her of the debt, seeking payment, and providing several payment options. *See* Dunning Letter (ECF Nos. 6-2, 1-1 Exh. E). The Dunning Letter lists a balance of $207.61 and states: "Payment in full to this office will stop further collection action on this account. Make your check or money order payable for $207.61." *Id.* The Dunning Letter also provides statutorily required disclosures and advises Plaintiff of her right to request verification of the debt. *See id.* Plaintiff responded to the Dunning Letter by invoking this right. *See* Verification Request at 1-2 (ECF Nos. 6-3, 1-1 Exh. C).

Focused Recovery provided the requested verification by letter (the "Verification Letter") dated December 15, 2015. *See* Verification Letter (ECF Nos. 6-4, 1-1 Exh. D). Enclosed was an itemized bill printed on the Surgery Center's letterhead (the "Itemization"), which provides:

| Figure 1: Itemization Summary[2] | | |
|---|---|---|
| May 20 | Medical Services | $7,554.56 |
| June 16 | Insurer Payment 1 | -$5,932.56 |
| June 16 | Insurer Payment 2 | -$1,459.80 |
| September 30 | Collection Fee Assessed | $45.41 |
| October 13 | Refund of Insurer Payment 2 (from June 16) | $1,459.80 |
| October 13 | Insurer Payment 3 | -$1,478.20 |
| October 14 | Interest Charge to Insurer | $0.31 |
| October 14 | Interest Payment from Insurer | -$0.31 |
| **Total Outstanding Balance:** | | **$189.21** |

The Itemization reveals that the $189.21 outstanding balance is comprised of $143.80 overdue for services and a $45.41 collection fee. *See id.* The $18.40 difference between the unpaid amounts listed in the Dunning Letter ($207.61) and the Itemization ($189.21) results from an interim insurer payment. *See id.* The record is silent regarding whether Focused Recovery

---

[2] All dates are in 2015. For clarity, the table re-organizes and streamlines some line items. The table also omits two line items—an additional insurer payment of $5,932.56 on October 13, 2015, and a refund of that payment, issued to Plaintiff's insurer that same day.

undertook additional efforts to collect the debt or whether Plaintiff ultimately paid the debt, and, if so, the amount she paid.

A year later, Plaintiff filed suit in Hampton Circuit Court, alleging Focused Recovery's methods violated provisions of the Fair Debt Collection Practices Act ("FDCPA"). *See* Compl. ¶¶ 50-67. Focused Recovery removed the suit to this Court and moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Removal Notice (ECF No. 1); *see also* Mot. Dismiss. The Motion is now ripe for resolution by the Court.

## II. LEGAL STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face.'" *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Facts that are 'merely consistent with' liability do not establish a plausible claim to relief." *Takeda Pharm.*, 707 F.3d at 455. Rather, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] [plaintiff's] claims across the line from conceivable to plausible.'" *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (first and second alteration in original).

At this stage, "(1) the complaint is construed in the light most favorable to the plaintiff, (2) its allegations are taken as true, and (3) all reasonable inferences that can be drawn from the pleading are drawn in favor of the pleader." 5B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1357 & n.11 (3d ed.) (collecting cases); *accord Wag More Dogs, LLC v.*

4

*Cozart*, 680 F.3d 359, 365 (4th Cir. 2012). However, courts "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments.'" *Takeda Pharm.*, 707 F.3d at 455 (quoting *Wag More Dogs*, 680 F.3d at 365).

"[A]s a general rule extrinsic evidence should not be considered at the 12(b)(6) stage." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). "Generally, . . . courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015); *see also* Fed. R. Civ. P. 12(d). However, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n*, 367 F.3d at 234 (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

## III. ANALYSIS

Plaintiff alleges four violations of the FDCPA—two premised on allegedly false representations under § 1692e, and two premised on allegedly unfair or unconscionable collection efforts under § 1692f. *See* Compl. ¶¶ 50-67. Focused Recovery's Motion argues that all four claims fail to allege violations of the Act because its communications with Plaintiff were lawful. Because Plaintiff fails to allege any falsehood, unfairness, or unconscionable means within the ambit of the Act, she states no claim for relief. Accordingly, Focused Recovery's Motion to Dismiss is granted.

"Congress enacted the FDCPA in 1977 to eliminate abusive debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010). The Act prohibits a variety of such practices, including "us[ing] any false, deceptive, or misleading

5

representation or means in connection with the collection of any debt," and "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e, 1692f.

"Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer.'" *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 (4th Cir. 2014) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). The Fourth Circuit has "never directly addressed whether application of the objective least-sophisticated-consumer test to the language of a dunning letter is a question of law, [but has] assumed that to be the case." *Id.* at 395.

"A logical corollary of the least sophisticated consumer test is that false, deceptive, and misleading statements must be *material* to be actionable." *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014). "The materiality requirement limits liability under the FDCPA to genuinely false or misleading statements that 'may frustrate a consumer's ability to intelligently choose his or her response.'" *Id.* Therefore, "only misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking are actionable." *Id.*

With these principles, the Court evaluates Plaintiff's four claims, which rely on two core premises. First, that the Dunning Letter and Verification Letter failed to advise her that interest was accruing or, alternatively, that interest was waived. Second, that Focused Recovery's collection fee of $45.41 was unauthorized by law.[3]

---

[3] The Court notes that Plaintiff alleges that these instances violate both § 1692f and § 1692e. However, "courts use § 1692f to punish conduct that FDCPA does not specifically cover." *Lembach v. Bierman*, 528 F. App'x 297, 304 (4th Cir. 2013). Therefore, "a § 1692f cause of action may not be based on the 'same alleged misconduct that undergirds [a] § 1692e claim.'" *Biber v. Pioneer Credit Recovery, Inc.*, No. 1:16-cv-804, 2017 WL 118037, at *11 (E.D. Va. Jan. 11, 2017) (quoting *Lembach*, 528 F. App'x at 304).

A.  **Plaintiff's Allegations Regarding Accrual or Waiver of Interest on the Debt**

Plaintiff's first three claims are premised on her observation that interest charges were provided for by contract, but went unmentioned in the course of Focused Recovery's collection efforts. *See* Compl. ¶¶ 50-64. Although the Agreement requires a 12-percent annual finance charge after a grace period, neither the Dunning Letter nor the Verification Letter references interest being assessed against Plaintiff.[4] *See* Agreement at 1; *see also* Dunning Letter; Itemization. Because "the Act requires a statement of the debt," any interest due to settle the account must be included: "[t]he unpaid principal balance is not the debt; it is only a part of the debt." *Miller v. McCalla, Rayner, Padrick, Cobb, Nichols, and Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000); *see also* Resp. at 6 (ECF No. 7). Plaintiff argues that Focused Recovery inaccurately reported her debt by either (a) failing to disclose interest accruing on her debt, or (b) failing to disclose that interest charges were waived. These claims, however, rest on unwarranted inferences and unsupported legal conclusions.

1. **Plaintiff Fails to State Any Claim Based on the Failure to Disclose Interest Accruing on Her Debt**

The Complaint alleges that interest was accruing on Plaintiff's debt, the Dunning Letter and Verification Letter omitted that accrued interest, and those communications failed to advise her that interest would continue to accrue. *See* Compl. ¶ 52-53, 58-59. Plaintiff contends that by omitting the alleged interest, the communications falsely represented the amount of her debt, and constituted a deceptive means of collecting her debt. *See* Compl. ¶¶ 51, 57.

This assertion lacks a factual basis. The Agreement provided that interest would accrue on an unpaid balance at 12 percent annually, but nothing suggests that Focused Recovery sought

---

[4] A 31¢ interest charge was assessed against Plaintiff's insurer on October 14, 2015, which the insurer paid that same day. *See* Itemization. Even if this interest charge could be construed as having been assessed against Plaintiff but paid by her insurer, a 31¢ misrepresentation is *de minimis*. *Cf. Powell*, 782 F.3d at 126 (observing that "a *de minimis* misstatement of the total amount owed might not be actionable, although we need not determine the threshold here"). In either case, Plaintiff's standing to pursue claims premised on this charge is questionable.

to charge Plaintiff any interest. Although her debt could have been accruing undisclosed interest, this possibility does not satisfy the pleading standard, which requires "allegations plausibly suggesting (not merely consistent with) [liability]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). In absence of plausible allegations suggesting that interest was accruing on Plaintiff's debt, its omission cannot support her claims.[5]

### 2. Plaintiff Fails to State Any Claim Based on Her Alternative Theory That Focused Recovery Failed to Disclose That Interest Was Waived

In the alternative, Plaintiff alleges that if the Surgery Center had waived its right to collect interest under their agreement, Focused Recovery had an affirmative obligation to inform her of that waiver and failed to do so. *See id.* ¶ 54; *see also* Resp. at 12-13. This omission, she contends, falsely represented the amount and character of her debt, was a false representation and deceptive means of attempting to collect her debt, and was an unfair or unconscionable means of attempting to collect her debt. *See* Compl. ¶¶ 54, 60, 63. This reasoning ignores the text of the disputed communications.

Plaintiff asserts that the Act required Focused Recovery to expressly notify her that interest was waived by stating that it would "'accept payment of the amount set forth in full satisfaction of the debt.'" Resp. at 13 (quoting *McNamee v. Debski & Assocs.*, No. 8:16-cv-2272, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016)). Focused Recovery did just that. The Dunning Letter lists a balance of $207.61 and states: "Payment in full to this office will stop

---

[5] Even if Plaintiff has plausibly alleged that interest was continuing to accrue on her debt, failing to mention the interest was a *de minimis* misstatement. Plaintiff's debt would have accrued approximately $3.80 in interest by October 8, 2015, meaning the Dunning Letter would have understated the debt owed by 1.8 percent. By the December 15 Verification Letter, Plaintiff's account would have accrued approximately $7.00 in interest—an understatement of 3.6 percent. If Plaintiff chose to continue forgoing payment, she would have incurred approximately $17.25 in interest charges by July 29, 2016, one year after it began to accrue. This would represent an 8.4 percent understatement. Such *de minimis* misstatements would not "frustrate a consumer's ability to intelligently choose his or her response" and are, therefore, immaterial. *Powell*, 782 F.3d at 126. *Cf. Conteh v. Shamrock Cmty. Ass'n, Inc.*, 648 F. App'x 377, 379 (4th Cir. 2016) (holding that overstating debt by $165.02 (10.4 percent) is material). Interest figures were calculated based on the outstanding principal balances, accruing at a 12-percent annual rate between July 29, 2015, and the relevant dates.

further collection action on this account. Make your check or money order payable for $207.61." This fully informed Plaintiff of the amount required to settle her debt. *Cf. Avila v. Riexinger & Assocs.*, 817 F.3d 72, 76 (2d Cir. 2016) (holding that a dunning letter must inform a debtor whether the requested payment will satisfy her debt). If Plaintiff *had* paid the amount listed, and Focused Recovery later attempted to collect additional fees and interest, a FDCPA violation might have occurred. However, the record is silent as to whether Plaintiff paid her debt. Therefore, any allegation that paying the listed balance would not have "stop[ped] further collection action on this account" is speculative.

Focused Recovery's Verification Letter does not discuss the amount due on Plaintiff's account—so it could not have misrepresented the debt by omitting the language discussed above. *See* Verification Letter. The enclosed Itemization consists of a bill from the Surgery Center listing charges, credits, and the balance due for Plaintiff's account. *See* Itemization; *see also* Firgue 1, *supra*. The bill itself, generated by the Surgery Center, contains no misleading statements attributable to Focused Recovery.

Moreover, "[v]erification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). "Consistent with the legislative history of the FDCPA, verification is only intended to eliminate the problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Id.* The Verification Letter fulfilled this purpose and fully complied with the law.

Under either of her theories regarding interest, Plaintiff has alleged—at most—a failure to charge her interest. *See* Compl. ¶¶ 39-42. This is not a cognizable claim under the FDCPA. *See Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 875 (7th Cir. 2015).

Moreover, "[i]f [Plaintiff] has a complaint with the manner in which [the Surgery Center] changed (i.e. reduced) the interest rate, [she] can raise that issue" with the Surgery Center. *Id.* at 877. But in an FDCPA case, "[t]he district court's inquiry . . . concerns the representations and collection efforts of . . . the party alleged . . . to have committed the FDCPA violations," rather than third parties' conduct. *Id.*

Although the insurer was assessed 31¢ in interest upon paying its untimely share, Plaintiff incurred no interest charges and nothing in the debt collector's communications indicated that she would. *See* Dunning Letter; *see also* Itemization; Verification Letter. Instead, the debt collector advised that payment of the outstanding balance would stop collection efforts. *See* Dunning Letter. That sum included no interest. *See* Itemization; *see also* Figure 1, *supra*. Because Plaintiff fails to allege that she was being charged undisclosed interest on the account, and because she was advised of exactly how much was required to settle her debt, Claims One, Two, and Three fail to state a claim for relief.[6]

### B. Plaintiff's Allegations Regarding the Collection Fee

Focused Recovery also argues that the Complaint fails to allege that it sought an unlawful collection fee. The Agreement states that Plaintiff "agrees to pay all costs of collection, including [a] . . . collection fee of [30] percent of the unpaid bill at the time of placement with [a] collection agency." Agreement at 1. At the time of placement, Plaintiff's account was $162.20 in arrears and 30 percent of that figure is $48.66. *See* Itemization. Focused Recovery charged her a collection fee of $45.41, which amounts to a 28-percent fee. *See id.* Rather than viewing this $3.25 discount as a windfall, Plaintiff claims that it constitutes an unauthorized collection fee. *See* Compl. ¶¶ 54, 61, 65-67.

---

[6] Plaintiff also alleges that including a collection fee that is not allowed by law constitutes an actionable falsehood. *See* Compl. ¶¶ 55, 61. Because the Court concludes in Section III.B, *infra*, that Focused Recovery did not charge an unlawful collection fee, its inclusion in the communications does not constitute a false representation.

10

To the extent Plaintiff argues that the $3.25 discrepancy constituted an unfair or unconscionable means of collecting a debt, she is mistaken. As a matter of law, a 2-percent discount on collection fees is not an "unfair" or "unconscionable" debt-collection practice prohibited by the Act.

Even if this claim were cognizable, Plaintiff fails to allege facts supporting a plausible inference that the fee was unlawful. She alleges that "[u]pon information and belief, the actual cost of collection to [Focused Recovery] is neither $45.41 nor [30] percent of the debt at the time of placement," and argues that the fee "appears to be made up whole cloth." Compl. ¶ 48; *see also* Resp. at 16. Plaintiff offers no facts regarding the actual cost of collection, rendering the allegation speculative. Furthermore, the factual allegations undercut her claims, because the collection fee charged was *less* than the contract provided. Nothing unfair was afoot, and any contrary inference is unwarranted. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Therefore, Plaintiff fails to raise a plausible inference (or even an implausible inference) that the 28-percent fee is unlawful.

### IV. CONCLUSION

For the foregoing reasons, Focused Recovery's Motion to Dismiss (ECF No. 5) is **GRANTED**.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

July 11, 2017
Norfolk, Virginia